IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TASHANDA BURTON,<br>　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF ILLINOIS<br>CHICAGO HOSPITAL,<br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br><br>Judge:<br><br>Magistrate Judge: | `FILED: JULY 7, 2008`<br>`08CV3844`<br><br>`JUDGE PALLMEYER`<br>`MAGISTRATE JUDGE SCHENKIER`<br><br>`JH` |

## COMPLAINT

Plaintiff, Tashanda Burton ("Plaintiff"), by her undersigned attorney, and for her complaint against Defendant, University of Illinois Chicago Hospital ("Defendant"), states as follows:

## NATURE OF THE CASE

1. That the cause of action for Plaintiff arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

## JURISDICTION AND VENUE

2. That this court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e.

3. That venue in the Northern District of Illinois is proper. The claim for relieve arose in this state as required by 42 U.S.C. § 2000e.

4. That all conditions precedent have been fulfilled by Plaintiff, including the

filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") of the United States Government, and a receipt of a Right-to-Sue Letter from the EEOC. (EEOC Charge No. 210-2006-00570 amended and Right-to-Sue Letter dated May 13, 2008 attached as Exhibit A).

## PARTIES

5. That Plaintiff is female and a resident of the State of Illinois.

6. That Defendant is duly registered to conduct business in the State of Illinois.

7. That at all times pertinent hereto, Defendant has engaged in an industry affecting commerce and has had fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

## COUNT I
## COMPLAINT OF TASHANDA BURTON FOR
## SEXUAL HARASSMENT

8. That Plaintiff incorporates the preceding paragraphs by reference here.

9. That Plaintiff became employed by Defendant on or about November 11, 2004 in the position of Dietary Aide.

10. That at all times relevant herein, LaShon Tanksley ("Tanksley") was

employed by Defendant as a Supervisor.

11.     That at all times relevant herein, Andre Washington ("Washington") was employed by Defendant as a Dietary Aide.

12.     That at all time relevant herein, Robert Staples ("Staples") was employed by Defendant as a Dietary Aide.

13.     That at all times relevant herein, Manuel Stephen ("Stephen") was employed by Defendant as a Dietary Aide.

14.     That during Plaintiff's employment with Defendant, she was supervised by Tanksley.

15.     That from approximately November 2004 and continuing until her termination on or around October 23, 2005, Plaintiff was subjected to persistent and debilitating sexual harassment by Tanksley.

16.     That on approximately September 12, 2005, Tanksley requested for Plaintiff to hug him by saying, "Come give Big Daddy a hug." Tanksley grabbed Plaintiff's buttocks as she walked by.

17.     That in December 2004, Tanksley attempted to pull down Plaintiff's pants

asking, "What color panties do you have on? What kind are they?"

18.  That in August 2005, Tanksley cornered Plaintiff in a supply room and tried to kiss her on the lips. Tanksley grabbed Plaintiff's face. At this point, Plaintiff turned away and Tanksley forcefully kissed her on the cheek.

19.  That throughout Plaintiff's period of employment with Defendant, Tanksley would request that she call him "Big Daddy."

20.  That about every other month Tanksley would ask Plaintiff, "Do you have a boyfriend?"

21.  That from approximately September 2005 and continuing until her termination on or around October 23, 2005, Plaintiff was subjected to persistent and debilitating sexual harassment by Washington, Staples, and Stephen.

22.  That throughout this period, Plaintiff was subjected to numerous instances of inappropriate touching and comments from Washington.

23.  That on approximately September 9, 2005, Washington slapped Plaintiff's buttocks as she was getting of the elevator, the same occurred again two days later.

24.  That Plaintiff told Washington she did not appreciate his behavior and

requested he stop.

25. That Washington asked Plaintiff "Do you have a boyfriend?" approximately ten times .

26. That on approximately September 30, 2005, Washington said to Plaintiff, "What's your phone number, because I'll give you $100 if you have sex with me." At this point, Plaintiff walked away.

27. That Washington said to Plaintiff, "I will pay you $50 to have sex with me. You can't get pregnant because you already are pregnant."

28. That on approximately October 3, 2005, Washington asked Plaintiff, "What color bra do you have on?"

29. That throughout this period, Plaintiff was subjected to numerous instances of inappropriate touching and comments from Staples.

30. That on approximately September 11, 2005, Staples whispered into Plaintiff's ear, "I'm enjoying the view of your behind. Make it clap for me."

31. That Staples asked Plaintiff if she had a boyfriend approximately two times.

32. That during Plaintiff's employment with Defendant, Plaintiff was subjected to numerous instances of inappropriate comments by Stephen.

33. That on one occasion, Stephen said to Plaintiff, "You've got some big hips and I can see why your having a baby with them hips."

34. That in or around June or July of 2005, Plaintiff complained to Defendant's employee Ezella Pearson-Wheeler ("Pearson"), Nutritional Service Supervisor. Pearson asked, "If you are claiming they are harassing you, how come nobody else has said anything about it?" Pearson told Plaintiff not to quit and added, "Just try to stay away from them and eventually they will leave you alone."

35. That Pearson took no action on Plaintiff's behalf.

36. That on approximately September 9, 2005, Plaintiff complained to Defendant's employee Karen Biels ("Biels") from Defendant's department of Access and Equity.

37. That Biels told Plaintiff she would document the complaint and find a way to handle it.

38. That in late September 2005, Plaintiff asked Biels if she could receive counseling for the sexual harassment. Burton was told she could not receive counseling

-6-

seeing that she was not a full-time employee.

39. That Plaintiff also complained to Pat Henry ("Henry"), the Day Shift Supervisor, about the comments Tanksley was making towards her. Henry smiled, replied "Oh please," and walked away.

40. That Defendant's response to Plaintiff's complaints of harassment is negligent in that it left Plaintiff materially worse off than she would have been had she not complained.

41. That Defendant could have prevented said sexual harassment if it implemented an effective anti-sexual harassment policy.

42. That Defendant condoned sexual harassment and failed to maintain a harassment-free work environment by failing to provide adequate training, counseling, and instructions to their employees and officers, especially Tanksley, Washington, Staples, and Stephen.

43. That Defendant failed to maintain a harassment-free work environment by failing to take effective corrective action against Tanksley, Washington, Staples, and Stephen after Defendant became aware that said employees were making unwelcome sexual advances and comments toward Plaintiff.

44. That as a result of these failures by Defendant, Tanksley, Washington, Staples, and Stephen continued to force their unwelcome sexual advances and offensive conduct upon Plaintiff.

45. That Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's federally protected rights.

46. That the sexual harassment that Plaintiff was subjected to by the hands of the Defendant, its agents, representatives, and employees was persistent in nature, unwelcome, extremely offensive, humiliating, and effective in creating a hostile and intimidating work environment for Plaintiff.

47. That said continuous and persistent sexual harassment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

48. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits.

49. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation which is manifest in physical illness and

emotional stress on the relationship between Plaintiff and her friends, family and colleagues.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Burton, respectfully requests this Court to provide the following equitable and legal remedies:

    a.    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

    b.    Order a permanent injunction prohibiting Defendant from further acts of sex discrimination and sexual harassment.

    c.    Award Plaintiff, Burton, costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

    d.    Award Plaintiff, Burton, a judgment against Defendant for reinstatement, front pay, back pay and other compensatory damages.

    e.    Award Plaintiff, Burton, prejudgment interest.

    f.    Grant judgment against Defendant for punitive damages for willful and wanton conduct.

    g.    Enter an order requiring Defendant to implement effective steps to eliminate sex discrimination and sexual harassment from Defendant's organizations.

    h.    Grant such other and further relief as this court deems just and proper.

### **COUNT II**
### **COMPLAINT OF TASHANDA BURTON**
### **OF RETALIATION**

50.    Plaintiff incorporates the preceding paragraphs by reference here.

51.	That shortly after Plaintiff complained to Pearson, Pearson stated that the Defendant did not have any full-time positions available and that Plaintiff would be temporarily laid-off.

52.	That despite Pearson's statement that there were no full-time positions available, two other temporary employees, Cutron Ballard and Tiffany (Last Name Unknown), were hired full-time.

53.	That an inference of retaliatory motivation is created by the adverse action of the Plaintiff being laid off within such a short period of time since she engaged in a protected activity.

54.	That Defendant's conduct in laying off Plaintiff amounts to retaliation in violation of the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Burton, respectfully requests this Court to provide the following equitable and legal remedies:

a.	Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b.	Order a permanent injunction prohibiting Defendant from further acts of sex discrimination and sexual harassment.

c.	Award Plaintiff, Burton, costs of litigation, including reasonable attorneys'

      fees and expert fees and expenses.

d.    Award Plaintiff, Burton, a judgment against Defendant for reinstatement, front pay, back pay and other compensatory damages.

e.    Award Plaintiff, Burton, prejudgment interest.

f.    Grant judgment against Defendant for punitive damages for willful and wanton conduct.

g.    Enter an order requiring Defendant to implement effective steps to eliminate sex discrimination and sexual harassment from Defendant's organizations.

h.    Grant such other and further relief as this court deems just and proper.

                                          Respectfully Submitted,
                                          Tashanda Burton


                                          By:    s/ Mark Pando
                                                   One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (Fax)

## JURY DEMAND

      NOW COMES the Plaintiff, Tashanda Burton, by her undersigned attorney, and demands a trial by jury in the above entitled cause of action.

                    Respectfully Submitted,
                    Tashanda Burton


                    By:    __s/ Mark Pando_____
                              One of Her Attorneys


Uche O. Asonye - 6209522
Mark Pando - 6283693
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (Fax)

```
08CV3844
JUDGE PALLMEYER
MAGISTRATE JUDGE SCHENKIER
JH
```

# EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5069 1592

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 13, 2008

Ms. Tashanda Burton
c/o Mark Pando, Esquire
Law Offices of Asonye & Associates
Attorney at Law
11 South LaSalle St., Ste.2140
Chicago, IL  60603

Re:  EEOC Charge Against University of Illinois-Chicago Hospital
     No. 210200600570

Dear Ms. Burton:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     University of Illinois-Chicago Hospital

| EEOC Form 5 (5/01) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**AMENDED**<br>**210-2006-00570** | |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.)<br>**Tashanda Burton** | Home Phone (Incl. Area Code)<br>**(773) 785-1257** | Date of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **4708 West Washington Blvd., #2W, Chicago, IL  60644** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**UNIVERSITY OF ILLINOIS-CHICAGO HOSPITAL** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(312) 996-0660** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **1740 W. Taylor Street, Chicago, IL 60612** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.) | Earliest: **11-07-2004** Latest: **10-23-2005**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above named Respondent as a Dietary Aide on November 7, 2004. From the beginning of my employment until October 14, 2005, I was subjected to verbal and physical sexual harassment. Despite multiple complaints to management inside and outside of my department, the harassment continued. On or around October 23, 2005, I was effectively laid off from my position and was not hired into an available fulltime position.

I believe that I have been discriminated against because of my sex, female and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*[Notary Seal: OFFICIAL SEAL, MONICA CHOWANIEC, NOTARY PUBLIC - STATE OF ILLINOIS, MY COMMISSION EXPIRES:07/18/09]*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br>*[signature: Monica Chowaniec]* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>X  6-7-07  *[signature]*<br>Date   Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT *[signature: B]*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>**06/07/2007** |

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | |

| Illinois Department of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Tashanda Burton | (773) 785-1257 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4708 West Washington Boulevard | Chicago, IL 60644 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| University of Illinois-Chicago Hospitals | 500 or More | (312) 996-0660 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1740 West Taylor Street | Chicago, IL 60612 | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE EARLIEST / LATEST
11-07-2004    October 2005
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above named Respondent as a Dietary Aide on November 7, 2004. From the beginning of my employment until October 14, 2005, I was subjected to verbal and physical sexual harassment. Despite multiple complaints to management inside and outside of my department, the harassment continued.

I believe that I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was retaliated against for complaining about sexual harassment.

DEPT. OF HUMAN RIGHTS
INTAKE UNIT
FEB 07 2006
RECEIVED BY _____

OFFICIAL SEAL
MONICA CHOWANIEC
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/18/09

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
*Monica Chowaniec*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

2/7/06   *Tashanda Burton*
Date     Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
7th day of February 2006

EEOC FORM 5 (REV. 3/01)

## TASHANDA BURTON V. UNIVERSITY OF ILLINOIS-CHICAGO HOSPITALS
**Page 2 of charge:**

I.    A.    ISSUE/BASIS
   1. Sexually harassed from approximately November 2004 and continuing until October 2005.

     B.    PRIMA FACIE ALLEGATIONS
   1. I was hired by Respondent as a Dietary Aide on or about November 7, 2004. During my employment with Respondent, I was discriminated against because of my sex, female. I was also subjected to sexual harassment by my supervisor, Lashawn Tanksley ("TANKSLEY"), co-worker Andre Washington ("WASHINGTON"), co-worker Robert Staples ("STAPLES"), and co-worker Manuel Stephens ("STEPHENS"). Respondent has failed to take effective corrective action and failed to prevent the sexual harassment.

   2. I believe that I have been discriminated against because of my sex, female, and sexually harassed in that:

       a. I was a satisfactory and conscientious employee.

       b. Starting in approximately November of 2004, I was subjected to persistent sexual harassment by TANKSLEY. TANKSLEY subjected me to numerous instances of inappropriate touching and comments.

       c. For example, on September 12, 2005, TANKSLEY said, "Come give Big Daddy a hug." TANKSLEY then grabbed my buttocks as I walked by. I told TANKSLEY not to touch me.

       d. Also in December 2004, TANKSLEY attempted to pull down my pants and asked, "What color panties do you have on? What kind are they?"

_____       2/7/06
Complainant's Signature                    Date

**TASHANDA BURTON V. UNIVERSITY OF ILLINOIS-CHICAGO HOSPITALS**
**Page 3 of charge:**

e.  On another occasion, in or around August 2005, TANKSLEY cornered me in the cleaning supplies room and tried to kiss me on the lips. He grabbed me by my face. I turned away and he kissed me on my cheek.

f.  TANKSLEY routinely also asked me to call him "Big Daddy".

g.  Starting in approximately September of 2005, I was subjected to persistent sexual harassment by WASHINGTON. WASHINGTON subjected me to numerous instances of inappropriate touching and comments.

h.  For example, on September 9, 2005, WASHINGTON slapped me on my buttocks as I was getting off of the elevator. I told him that I did not appreciate that and asked him not to do it again. Approximately two days later, WASHINGTON slapped me in my buttocks again. Again, I told him to stop.

i.  On September 30, 2005, WASHINGTON said to me, "What's your phone number, because I'll give you $100 if you have sex with me." I immediately walked away from him.

j.  On or about October 3, 2005. On this occasion WASHINGTON also asked me, "What color bra do you have on?"

_____    _____
Complainant's Signature                Date

## TASHANDA BURTON V. UNIVERSITY OF ILLINOIS-CHICAGO HOSPITALS
**Page 4 of charge:**

k.  Starting in approximately September of 2005, I was subjected to persistent sexual harassment by ROBERT STAPLES. STAPLES subjected me to numerous instances of inappropriate touching and comments. On or around September 11, 2005 as I was bending over, STAPLES whispered into my ear, "I'm enjoying the view of your behind. Make it clap for me."

l.  I was also subjected to persistent sexual harassment by MANUEL STEPHENS. For example, on one occasion STEPHENS said to me, "You've got some big hips and I can see why your having a baby with them hips."

m.  In or around June or July of 2005, I complained to Ms. Pearson. Ms. Pearson took me into her office and told me to try to stay away from these people. Ms. Pearson said, if you are claiming they are harassing you, how come nobody else has said anything about it?" She further said, "Just try to stay away from them and eventually they will leave you alone." I told her that I wanted to quit. Ms. Pearson said, "Don't quit, you need to work." Ms. Pearson talked me out of quitting.

n.  On or around September 9, 2005, I went to Karen Biels' office to complain about sexual harassment. After I complained, Ms. Beils told me that she would to put this on file and find a way to handle it.

o.  In late September 2005, I asked Ms. Biels if I could receive counseling to help me deal with the situation. Ms. Biels stated that I could not receive counseling because I was not a full-time employee.

_____　　　　　　2/7/06
Complainant's Signature　　　　　　　　　Date

**TASHANDA BURTON V. UNIVERSITY OF ILLINOIS-CHICAGO HOSPITALS**
**Page 5 of charge:**

      p.    Despite my complaints to Ms. Bills and Ms. Pearson, the sexual harassment continued.

II.    A.    ISSUE/BASIS
        1.    Retaliation

    B.    PRIMA FACIE ALLEGATIONS
        1.    I believe that I was retaliated against for complaining about sexual harassment.

            a.    Shortly after I complained to Ms. Pearson, she stated that Respondent did not have any full-time positions available and that I was going to be temporarily layed-off. Before I left, Ms. Pearson communicated to me that I would be hired back shortly.

            b.    Despite Ms. Pearson's statement that there were no full-time positions available, another temporary employee, Cutron Ballard, was hired full-time.

            c.    The adverse actions of failing to hire me full-time and in laying me off, followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

_[signature]_         2/7/06
Complainant's Signature     Date

Subscribed and sworn to before me this
7th day of ~~January~~ February, 2006.

_[signature]_
Notary Public

OFFICIAL SEAL
MONICA CHOWANIEC
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/18/09