**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TASHANDA BURTON, | ) | |
| Plaintiff, | ) | Case No.:  08-CV-3844 |
|  | ) | |
| v. | ) | Judge: Rebecca R. Pallmeyer |
|  | ) | |
| BOARD OF TRUSTEES OF | ) | Magistrate Judge: Sidney I. Schenkier |
| THE UNIVERSITY OF ILLINOIS, | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Tashanda Burton ("Plaintiff"), by her undersigned attorney, and for her first amended complaint against Defendant, Board of Trustees of the University of Illinois, states as follows:

### NATURE OF THE CASE

1.      That the cause of action for Plaintiff arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

### JURISDICTION AND VENUE

2.      That this court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e.

3.      That venue in the Northern District of Illinois is proper.  The claim for relief arose in this state as required by 42 U.S.C. § 2000e.

4.      That all conditions precedent have been fulfilled by Plaintiff, including the filing of

a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") of the United States Government, and a receipt of a Right-to-Sue Letter from the EEOC.  (EEOC Charge No. 210-2006-00570 amended and Right-to-Sue Letter dated May 13, 2008 attached as Exhibit A).

## PARTIES

5.      That Plaintiff is female and a resident of the State of Illinois.

6.      That Defendant, Board of Trustees, maintains and controls a public university, the University of Illinois at Chicago, located in Chicago, Illinois.

7.      The University of Illinois at Chicago is a comprehensive public university and major medical center.  It is one of three campuses known as the University of Illinois, all governed by the Board of Trustees.

8.      That at all times pertinent hereto, Defendant has engaged in an industry affecting commerce and has had fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

## COUNT I
## COMPLAINT OF TASHANDA BURTON FOR
## SEXUAL HARASSMENT

9.      That Plaintiff incorporates the preceding paragraphs by reference here.

10.     That Plaintiff became employed by Defendant on or about November 11, 2004 in the position of Dietary Aide at the University of Illinois at Chicago medical center.

11.     That at all times relevant herein, LaShon Tanksley ("Tanksley") was employed by Defendant as a Supervisor.

12.     That at all times relevant herein, Andre Washington ("Washington") was employed by Defendant as a Dietary Aide.

13.     That at all time relevant herein, Robert Staples ("Staples") was employed by Defendant as a Dietary Aide.

14.     That at all times relevant herein, Stephen Manuel ("Manuel") was employed by Defendant as a Dietary Aide.

15.     That during Plaintiff's employment with Defendant, she was supervised by Tanksley.

16.     That from approximately November 2004 and continuing until her termination on or around October 23, 2005, Plaintiff was subjected to persistent and debilitating sexual harassment by Tanksley.

17.     That on approximately September 12, 2005, Tanksley requested for Plaintiff to hug

him by saying, "Come give Big Daddy a hug."  Tanksley grabbed Plaintiff's buttocks as she walked by.

18.     That in December 2004, Tanksley attempted to pull down Plaintiff's pants asking, "What color panties do you have on?  What kind are they?"

19.     That in August 2005, Tanksley cornered Plaintiff in a supply room and tried to kiss her on the lips.  Tanksley grabbed Plaintiff's face.  At this point, Plaintiff turned away and Tanksley forcefully kissed her on the cheek.

20.     That throughout Plaintiff's period of employment with Defendant, Tanksley would request that she call him "Big Daddy."

21.     That about every other month Tanksley would ask Plaintiff, "Do you have a boyfriend?"

22.     That from approximately September 2005 and continuing until her termination on or around October 23, 2005, Plaintiff was subjected to persistent and debilitating sexual harassment by Washington, Staples, and Manuel.

23.     That throughout this period, Plaintiff was subjected to numerous instances of inappropriate touching and comments from Washington.

24.     That on approximately September 9, 2005, Washington slapped Plaintiff's buttocks as she was getting of the elevator, the same occurred again two days later.

25.     That Plaintiff told Washington she did not appreciate his behavior and requested he stop.

26.     That Washington asked Plaintiff "Do you have a boyfriend?" approximately ten times.

27.     That on approximately September 30, 2005, Washington said to Plaintiff, "What's your phone number, because I'll give you $100 if you have sex with me." At this point, Plaintiff walked away.

28.     That Washington said to Plaintiff, "I will pay you $50 to have sex with me. You can't get pregnant because you already are pregnant."

29.     That on approximately October 3, 2005, Washington asked Plaintiff, "What color bra do you have on?"

30.     That throughout this period, Plaintiff was subjected to numerous instances of inappropriate touching and comments from Staples.

31.    That on approximately September 11, 2005, Staples whispered into Plaintiff's ear, "I'm enjoying the view of your behind. Make it clap for me."

32.    That Staples asked Plaintiff if she had a boyfriend approximately two times.

33.    That during Plaintiff's employment with Defendant, Plaintiff was subjected to numerous instances of inappropriate comments by Manuel.

34.    That on one occasion, Manuel said to Plaintiff, "You've got some big hips and I can see why your having a baby with them hips."

35.    That in or around June or July of 2005, Plaintiff complained to Defendant's employee Ezella Pearson-Wheeler ("Pearson"), Nutritional Service Supervisor.  Pearson asked, "If you are claiming they are harassing you, how come nobody else has said anything about it?"  Pearson told Plaintiff not to quit and added, "Just try to stay away from them and eventually they will leave you alone."

36.    That Pearson took no action on Plaintiff's behalf.

37.    That on approximately September 9, 2005, Plaintiff complained to Defendant's employee Caryn Bills ("Bills") from Defendant's department of Access and Equity.

38.     That Bills told Plaintiff she would document the complaint and find a way to handle it.

39.     That in late September 2005, Plaintiff asked Bills if she could receive counseling for the sexual harassment.  Burton was told she could not receive counseling seeing that she was not a full-time employee.

40.     That Plaintiff also complained to Pat Henry ("Henry"), the Day Shift Supervisor, about the comments Tanksley was making towards her.  Henry smiled, replied "Oh please," and walked away.

41.     That Defendant's response to Plaintiff's complaints of harassment is negligent in that it left Plaintiff materially worse off than she would have been had she not complained.

42.     That Defendant could have prevented said sexual harassment if it implemented an effective anti-sexual harassment policy.

43.     That Defendant condoned sexual harassment and failed to maintain a harassment-free work environment by failing to provide adequate training, counseling, and instructions to their employees and officers, especially Tanksley, Washington, Staples, and Manuel.

44.     That Defendant failed to maintain a harassment-free work environment by failing to

take effective corrective action against Tanksley, Washington, Staples, and Manuel after Defendant became aware that said employees were making unwelcome sexual advances and comments toward Plaintiff.

45.    That as a result of these failures by Defendant, Tanksley, Washington, Staples, and Manuel continued to force their unwelcome sexual advances and offensive conduct upon Plaintiff.

46.    That Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's federally protected rights.

47.    That the sexual harassment that Plaintiff was subjected to by the hands of the Defendant, its agents, representatives, and employees was persistent in nature, unwelcome, extremely offensive, humiliating, and effective in creating a hostile and intimidating work environment for Plaintiff.

48.    That said continuous and persistent sexual harassment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

49.    That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits.

50.     That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation which is manifest in physical illness and emotional stress on the relationship between Plaintiff and her friends, family and colleagues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

a.     Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b.     Order a permanent injunction prohibiting Defendant from further acts of sex discrimination and sexual harassment.

c.     Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

d.     Award Plaintiff a judgment against Defendant for reinstatement, front pay, back pay and other compensatory damages.

e.     Award Plaintiff prejudgment interest.

f.     Grant judgment against Defendant for punitive damages for willful and wanton conduct.

g.     Enter an order requiring Defendant to implement effective steps to eliminate sex discrimination and sexual harassment from Defendant's organizations.

h.     Grant such other and further relief as this court deems just and proper.

## COUNT II
## COMPLAINT OF TASHANDA BURTON
## OF RETALIATION

51.    Plaintiff incorporates the preceding paragraphs by reference here.

52.    That shortly after Plaintiff complained to Pearson, Pearson stated that the Defendant did not have any full-time positions available and that Plaintiff would be temporarily laid-off.

53.    That despite Pearson's statement that there were no full-time positions available, two other temporary employees, Cutron Ballard and Tiffany Williams, were hired full-time.

54.    That an inference of retaliatory motivation is created by the adverse action of the Plaintiff being laid off within such a short period of time since she engaged in a protected activity.

55.    That Defendant's conduct in laying off Plaintiff amounts to retaliation in violation of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

a.    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b.    Order a permanent injunction prohibiting Defendant from further acts of sex

discrimination and sexual harassment.

c.      Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

d.      Award Plaintiff a judgment against Defendant for reinstatement, front pay, back pay and other compensatory damages.

e.      Award Plaintiff prejudgment interest.

f.      Grant judgment against Defendant for punitive damages for willful and wanton conduct.

g.      Enter an order requiring Defendant to implement effective steps to eliminate sex discrimination and sexual harassment from Defendant's organizations.

h.      Grant such other and further relief as this court deems just and proper.

Respectfully Submitted,
Tashanda Burton,

_____s/Mark Pando_____
One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (Fax)

## **JURY DEMAND**

NOW COMES the Plaintiff, Tashanda Burton, by her undersigned attorney, and demands a trial by jury in the above entitled cause of action.


Respectfully Submitted,
Tashanda Burton,


 s/Mark Pando_____
One of Her Attorneys


Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (Fax)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he caused the following *First Amended Complaint* to be served on the following person at her respective address, listed below, on August 8, 2008:

> Secretary of the Board of Trustees
> Michelle Thompson
> 506 South Wright Street
> Room 352 Henry Administration Building
> Urbana, Illinois 61801

Respectfully Submitted,
Tashanda Burton,


 s/Mark Pando _____
One of Complainant's Attorneys


Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110